IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SHERI WILLHITE, #2212424 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22cv24 |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

## **ORDER OF DISMISSAL**

The above-entitled and numbered civil action was referred to United States Magistrate Judge Kimberly C. Priest Johnson, who issued a Report and Recommendation concluding that the petition for writ of habeas corpus should be dismissed without prejudice for failure to pay the $5.00 filing fee or submit an *in forma pauperis* data sheet. (Dkt. #21). Petitioner filed correspondence (Dkt. #22), but she did not file specific written objections to the findings and recommendations of the magistrate judge.

In her letter, Petitioner states:

> There has just been a lot of violations and barriers put up to prevent me from being able to properly be able to proceed. Currently, I'm being threatened by the unit law library with a case for papers not turned in, but I turned them in to the officer on duty. Legal material and writing materials were taken and not returned about 20 days ago. The courts tell me to file a fee, yet the system and courts prevent the fee from being paid.

(Dkt. #22, p. 1). Petitioner further states that she is "afraid of the courts" and "has endured more obstruction and other injustices trying to seek relief than I myself violated." (Dkt. #22, p. 1). She asserts that she is "in a very irresponsible institution when it comes to allowing access and equal treatment" and that she is "in no condition to meet time limits, limitations and other gate keeping requirements." (Dkt. #22, p. 1). She states that if she "had a civil suit and won, the $5.00 could [have] been taken with taxes." (Dkt. #22, p. 1). Next, she declares that "[i]t is not a definite that I

1

Case 4:22-cv-00024-SDJ-KPJ     Document 23     Filed 02/01/23     Page 2 of 3 PageID #: 121

will proceed," noting that she has "attempted to withdraw from the previous 3 courts."[1] (Dkt. #22, p. 1). Finally, Petitioner emphasized that she "is not writing to open a case" but is "seeking information and direction." (Dkt. #22, p. 2).

It is unclear what Petitioner is seeking through her correspondence. To the extent Petitioner asserts a denial of access to the courts claim or seeks relief as a result of conditions of confinement, prison procedures, or alleged mistreatment while incarcerated at the Crain Unit, the proper remedy is to file a civil rights complaint under 42 U.S.C. § 1983. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). The Court notes that Petitioner has been given two opportunities to comply with the Court's order to pay the $5.00 filing fee or submit an *in forma pauperis* data sheet. (*See* Dkt. ##15, 19). It has been over seven months, and Petitioner still has not complied with the Court's orders. Furthermore, Petitioner has indicated on multiple occasions that she has been trying to withdraw her case. (Dkt. #20). At this juncture, the Court concludes that the proper course is to dismiss Petitioner's case without prejudice.

The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. The Court concludes that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

---

[1] The Court assumes Petitioner meant "cases" and not "courts." Petitioner has filed two other habeas petitions in this Court, Civil Action No. 4:22-cv-25 and Civil Action No. 4:22-cv-28.

2

It is accordingly **ORDERED** the petition for a writ of habeas corpus is **DISMISSED** without prejudice.

It is further **ORDERED** that all motions not previously ruled on are hereby **DENIED**.

**So ORDERED and SIGNED this 1st day of February, 2023.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE